THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **Michael Mitchell** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| vs. | § | CASE NO. 3:06-cv-02307-R |
| | § | |
| **JP Morgan Chase Bank** | § | |
| | § | |
| **Defendant.** | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff's **MOTION TO REMAND** (filed January 12, 2007) (Dkt. 10). After careful consideration of all parties' submissions and the law applicable to the issues before the Court, the Court **DENIES** the **MOTION TO REMAND.**

**I. BACKGROUND**

Plaintiff, Michael Mitchell, filed a complaint in state court against Defendant, JP Morgan Chase Bank, seeking relief for violations of the **Truth in Lending Act (TILA) and the Home Ownership and Equity Protection Act (HOEPA).** On December 12, 2006, Defendant filed a notice of removal under 28 U.S.C. §1441(b) asserting that this court has federal question jurisdiction. Specifically, Defendant claims there is federal jurisdiction because the complaints are brought under federal statutes 28 U.S.C. § 1638 (**TILA**) and 28 U.S.C. § 1639 (**HOEPA**). In response, on January 12, 2007, Plaintiff filed a motion to remand arguing that the federal statutes give Plaintiff the choice of either a state of federal forum and do not allow for removal to federal court.

## II. ANALYSIS

**TILA and HOEPA Permit Removal**

Plaintiff expresses two reasons that the language of TILA and HOEPA disallow removal to federal court: (1) The language is comparable to Fair Labors Standards Act (FLSA) and there is a split among federal district court opinions as to whether FLSA cases are removable; (2) Because the statute reserves the right of a federal agency to remove cases filed in state court to federal court, it implies that cases filed in state court are not otherwise removable.

Defendant responds with two arguments: (1) Title 28 Section 1441(a) of the United States Code gives Defendant a right of removal except as otherwise expressly provided by Act of Congress, and the jurisdictional sections of TILA and HOEPA do not expressly bar removal; (2) Although the statute gives a federal agency the ability to intervene and remove a case to federal court, this has no relevance to Defendant's ability to remove this case.

In the Court's opinion, Defendant's arguments are more compelling when compared to the statutes in question and the precedents this Court must follow.   The Court's opinion on the first issue mirrors *Sicinsksi v. Reliance Funding Corp.,* 461 F. Supp. 649, 650-652 (D.C.N.Y. 1978) which expresses:

> [W]hen Congress has wanted to bar removal it has said so expressly, *see, e. g*., 28 U.S.C. § 1445(a) (FELA cases "may not be removed"); 28 U.S.C. § 1445(b) (suit against a common carrier for shipping damages "may not be removed to any district court of the United States unless the matter in controversy exceeds $3,000"); 28 U.S.C. §  1445(c) (workmen's compensation cases "may not be removed"); Securities Act of 1933, 15 U.S.C.§ 77v ("[n]o case . . . brought in any State court of competent jurisdiction shall be removed").
>
> .  .  .
>
> In framing jurisdictional provisions like 12 U.S.C.§  2614 and 15 U.S.C. § 1640(e), Congress has taken at least three approaches. First, it has permitted plaintiffs to sue in federal court only, *e. g.,* 15 U.S.C. §  15 (antitrust suits); second, it has given plaintiffs a

2

choice of state or federal court, subject to the defendant's right of removal, *e. g.,* 7 U.S.C.§ 1365; *Beckman v. Graves*, 360 F.2d 148 (10th Cir. 1966) (Agricultural Adjustment Act); and third, it has given plaintiffs a choice of state or federal court not subject to removal, *e. g.,* 15 U.S.C. § 77v (securities suits). Each of these expresses a different degree of solicitude for the convenience of plaintiffs. The gist of the plaintiff's argument is that when Congress has taken the second approach it actually intended to take the third approach but failed to say so clearly. The two types of provision express different intentions with equal accuracy, however, and absent some compelling evidence in the legislative history, courts should not conclude that Congress mistook its own purpose when choosing one approach or the other.

In addition, the removal language found in 29 U.S.C. § 626(c)(1) –"***may bring*** a civil action in any court of competent jurisdiction"– has been addressed by the Fifth Circuit regarding the right of removal. *Baldwin v. Sears, Roebuck and Co.* 667 F.2d 458, 461 (5th Cir. 1982) (emphasis added). The Fifth Circuit reasoned that this language "does not indicate an intent on the part of Congress, however, to allow a plaintiff to prosecute the suit to final judgment in that court. In short, we find no express prohibition against removal." *Id*. This court finds the TILA and HOEPA statutes fall under the second approach in *Sicinsksi*. A plaintiff may initiate an action in either state or federal court subject to a defendant's right to remove to federal court.

With regard to the second issue proposed by the plaintiffs,15 U.S.C. § 1640(e) states:

> An action to enforce a violation of section 1639 of this title may also be brought by the appropriate State attorney general in any appropriate United States district court, or any other court of competent jurisdiction, not later than 3 years after the date on which the violation occurs. The State attorney general shall provide prior written notice of any such civil action to the Federal agency responsible for enforcement under section 1607 of this title and shall provide the agency with a copy of the complaint. If prior notice is not feasible, the State attorney general shall provide notice to such agency immediately upon instituting the action. ***The Federal agency may*** (1) intervene in the action; (2) upon intervening – **(A)** ***remove the action to the appropriate United States district court, if it was not originally brought there***; and (B) be heard on all matters arising in the action; and (3) file a petition for appeal.

15 U.S.C. § 1640 (e) (emphasis added).

The Plaintiff has suggested that by giving the federal agencies the power of removal,

3

Congress is implying that removal by Defendant is disallowed. Defendant offers a more reasonable explanation. This section allows a federal agency to intervene in a case where it is neither the plaintiff nor the defendant. The statute gives a federal agency the power to remove the case to federal court, a procedural right normally allowed only to party defendants. This section of the statute has no implication on Defendant's ability to remove this case to federal court because it merely expands the procedural rights of a federal agency. It does not foreclose the procedural safeguard removal for defendants sued in state courts.

### III. CONCLUSION

Pursuant to federal statutes and case law, Plaintiff's Motion for Remand is without merit. The Court **DENIES** Plaintiff's Motion to Remand to State Court.

**It is so ORDERED.**

**ENTERED: March 2, 2007.**

_____
**JERRY BUCHMEYER,
SENIOR U.S. DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS**